FILED
JAMES J. VILT, JR. - CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

FEB 1 0 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| | |
|---|---|
| SRVR, LLC, | CIVIL ACTION NO. 3:18-cv-050-CHB |
|     **Plaintiff,** | |
| **V.** | **JURY INSTRUCTIONS** |
| **FLORIN NEIDONI,** | |
|     **Defendant.** | |

\* \* \* \* \* \* \*

### INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every case. Then I will explain the rules of law that you must apply in deciding whether the parties have proven the elements of their respective counts. Then I will explain some rules that you must use in evaluating the testimony and evidence. And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first duty is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls. Perform these duties fairly. Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you and reach a just verdict.

## BURDEN OF PROOF

Plaintiff has the burden in a civil action, such as this, to prove every essential element of their claims by a "preponderance of the evidence." You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this and you should not use it. In this case, if a Plaintiff should fail to establish any essential element of their claim by a "preponderance of the evidence," you should find for the Defendant on that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## EVIDENCE DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.

"Direct evidence" is direct proof of a fact, such as testimony of a person who asserts or claims to have actual knowledge of a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

"Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses and exhibits. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case. You may not draw unreasonable inferences, such as inference based only on speculation and conjecture in the complete absence of probative facts.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony. You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

If a witness has not been called to testify in the case, you are not to speculate about the reasons for that. You are not to draw any inferences from the fact that a witness has not been called to testify, since there are many reasons why a party may choose not to call a witness. There is no rule or requirement that a party call all potential witnesses to testify during its case.

## OBJECTIONS DURING TRIAL

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## ALL PERSONS EQUAL BEFORE THE LAW—LIMITED LIABILITY COMPANY

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A company is entitled to the same fair trial as a private individual. All persons, including companies, stand equal before the law, and are to be treated as equals.

## LIMITED LIABILITY COMPANY PARTY'S AGENTS AND EMPLOYEES

A limited liability company may act only through natural persons who are its agents or employees. Generally, any agents or employees of a limited liability company may bind the company by their acts and declarations made while acting within the scope of their authority delegated to them by the company or within the scope of their duties as employees of the company.

## BREACH OF CONTRACT

The first claim that I will instruct you on is the breach of contract claim related to the Educational Tuition and Expense Agreement. SRVR has asserted a breach of contract claim against Neidoni based on an alleged breach of the Educational Tuition and Expense Agreement and SRVR is asking you to award damages as a result of Neidoni's breach.

To prevail on a breach of contract claim, SRVR must prove that each of the following elements is more likely true than not:

(1) the existence of a contract;

(2) a breach of that contract; and

(3) damages flowing from the breach.

As to the first element, whether "a contract existed," you must decide whether there was a valid and enforceable, legal contract, as defined by the law, between SRVR and Neidoni. A contract requires proof by a preponderance of the evidence of all the following elements:

(1) An offer;

(2) An acceptance of that offer producing a mutual agreement, or meeting of the minds, between the parties as to all essential terms of the agreement at the time of acceptance; and

(3) Consideration.

An offer is a display of willingness to enter into a contract on specified terms. To constitute an offer, this display must be made in a way that would lead a reasonable person to understand that an acceptance, having been sought, will result in a binding contract.

An acceptance of an offer is an agreement, either by express act or by conduct, to the precise terms of the offer so that a binding contract is formed.

Not every agreement or understanding rises to the level of a valid, binding, legally

13

enforceable contract. To form a valid contract, there must first be "meeting of the minds" on all essential terms of the agreement. Whether the parties had a "meeting of the minds" is judged by an objective standard, looking to the express words and visible acts of both parties, not the plaintiff's subjective or personal understanding of the terms. Rather, mutual assent must be shown by words or acts of the parties in a way that represents a mutually understood intent. The manifestation of mutual assent may be made wholly or partly by written or spoken words or by other acts or conduct. A mutual understanding can be proven with circumstantial evidence like any other fact. Words are not the only medium of expression. Conduct may often convey as clearly as words, a promise or an assent to a proposed promise, and there is no distinction in the effect of a promise whether it is expressed (1) in writing, (2) orally, (3) in acts, or (4) partly in one of these ways and partly in others.

A contract may be express or implied, and an express contract may be oral or written. Parties may become bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated. You may find a contract exists if there is sufficient evidence to show a meeting of the minds even though a party denies that a contract exists. For the terms to be considered complete they must be definite and certain and must set forth the promises of performance to be rendered by each party. An express agreement may be proved by direct evidence, or circumstantial evidence, or both.

Consideration is something of value received by someone which induces them to make a promise to the person giving the thing of value. To be enforceable, a contract must be supported by consideration. Consideration may include money, acts, a promise not to act or a return promise. Mutual promises constitute adequate consideration if a benefit is conferred to the promisor or a detriment is incurred by the promisee.

14

A "breach of contract" occurs when the party accused of breach of contract did something that was prohibited by the specific provisions of the contract or failed to do something that the contract specifically required.

You will then be asked to determine damages.

**Interrogatory No. 1A:** Do you find from the evidence that SRVR has proven that it is more likely than not that the Educational Tuition and Expense Agreement was a valid contract between SRVR and Neidoni?

Circle your Answer:

Yes                          No

**If you answered "no" to Interrogatory No. 1A, then you will find in favor of Neidoni on the breach of contract claim. Your determination on the breach of contract claim is complete. Mark Verdict Form, Count 1, Question 1 and proceed to Count II, Question 1.**

**If you answered "yes" to Interrogatory No. 1A, proceed to Interrogatory No. 1B and SKIP Count II Unjust Enrichment (i.e., do NOT answer any questions regarding Count II Unjust Enrichment).**

**Interrogatory No. 1B:** Do you find from the evidence that SRVR has proven that it is more likely than not that Neidoni breached the Educational Tuition and Expense Agreement per the terms in paragraph 7 of that Agreement?

Circle your Answer:

Yes                          No

If you answered "no" to Interrogatory No. 1B, then you will find in favor of Neidoni on the breach of contract claim. Your determination on the breach of contract claim is complete. Mark Verdict Form, Count I, Question 1.

If you answered "yes" to Interrogatory No. 1B, then you will find in favor of SRVR on the breach of contract claim. Mark Verdict Form, Count I, Question I, and proceed to Count I, Question 2 to determine damages.

## DAMAGES, GENERALLY

Plaintiff is seeking to recover damages in this case. The fact that the Court will instruct you as to the proper measure of damages should not be considered as indicating any view of the Court as to which party is entitled to your verdict in this case. Instructions on the measure of damages are given for your guidance only in the event that you should find in favor of the Plaintiff on one of its claims.

If you find that the Plaintiff has failed to prove any element of its claims, then you will not consider the question of damages for that claim.

**BREACH OF CONTRACT---DAMAGES**

If you determine that SRVR proved by a preponderance of the evidence that a valid and enforceable contract existed and that SRVR proved by a preponderance of the evidence that Neidoni breached the contract, then you must determine the amount of SRVR's damages for this breach of contract. You may only determine damages in an amount that would place SRVR in the same position as if the contract had not been breached. SRVR may not be put in a better position by a recovery of damages for breach of contract than they would have been had there been full performance by Neidoni.

Damages for breach of contract include the natural and proximate consequences of the breach and damages reasonably supposed to have been within the contemplation of the parties at the time the contact was made.

The nonbreaching party is entitled to recover damages which you find from the evidence are reasonably certain in existence and amount. You may not award damages that are remote and speculative, nor may you award damages based on sympathy or guesswork. In determining the amount of damages, if any, that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. The law does not require that the nonbreaching party prove the amount of its losses with absolute mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. The damages you award must be fair compensation-no more and no less. There is no exact standard for fixing the compensation to be awarded for the damage caused. Any award you make should be fair in light of the evidence presented at trial. You will indicate your award of damages on the Verdict Form, as instructed below.

18

## UNJUST ENRICHMENT

SRVR may recover from Neidoni on a claim of unjust enrichment upon proving the following elements:

(1) a benefit was conferred upon Neidoni at SRVR's expense;

(2) that Neidoni obtained that benefit; and

(3) it would be inequitable for Neidoni to retain the benefit without payment for its value.

## UNJUST ENRICHMENT--DAMAGES

If you find that Neidoni was unjustly enriched, then you must determine the measure of damages for unjust enrichment. The measure of damages for unjust enrichment is based on the value of the benefit conferred upon Neidoni. In determining the value of the benefit conferred upon Neidoni, you may consider the value of any portion of the benefit that Neidoni either repaid to SRVR or earned as part of his work on behalf of SRVR.

## ELECTION OF FOREPERSON AND RETURN OF VERDICT

Upon retiring to the jury room, the first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

Verdict forms have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

## VERDICT FORMS-JURY'S RESPONSIBILITY

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## NOTES

During this trial, I permitted you to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## COMMUNICATION WITH THE COURT

Do not talk to the Court Security Officer ("CSO"), or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the CSO signed by your foreperson or by one or more members of the jury. You may only communicate with me by a signed writing or here in open Court. If you write me a message, the CSO will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you reach a unanimous verdict or have been discharged.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.